Mr. Montgomery for plaintiff.

Mr. Burbank for defendant.

## GEORGE F. HUBERTSON vs. WILLIAM H. COLE.

The Court stated what is the proper manner of making an arrest, under certain circumstances.

This was an action of trespass, brought to recover damages against the defendant, one of the police of Honolulu, upon an allegation that he had broken down the plaintiff's gate, on a certain Sunday in December last, and arrested two of his servants for flying a kite.

It appeared in evidence that the servants were flying a kite for the amusement of plaintiff's child, and that the police hearing and seeing the kite, went to the gate, which was fastened inside and demanded entrance. That their demand not being complied with, they raised the gate from its hinges, threw it down, entered, and arrested two Lascar servants for a violation of the Sabbath.

The counsel for the defendant contended that the servants were violators of the law providing for the observance of the Sabbath, and as such, liable to arrest. That the defendant had not exceeded his duty as an officer of the police, and before breaking the gate had made the proper demand for admission.

Counsel for plaintiff urged upon the court and the jury that the flying of a kite was no violation of the Sabbath—that the breaking of the gate was wrong, inasmuch as the officers after demanding entrance should have stated, in an audible voice, that the case was one in which the arrest was lawful without a warrant; and concluded with a strong appeal to the jury to preserve inviolate the dwellings and premises of foreigners.

Chief Justice Lee read the statutes relating to the violation of the Sabbath, and also from the statutes of other lands bearing upon this subject, showing that our laws for the observance of the Lord's Day, are neither peculiar nor over strict. The Court remarked that our Sabbath law was almost word for word that which now exists in Massachusetts, whose statutes in turn were derived from those of England. That the keeping holy one day in seven for public worship, as well as for relaxation and refreshment, was considered by the most christian and civilized nations, as one of the main pillars of religion and morals, and, viewed merely as a civil institution, of great service to the State. That the first question for the jury to determine was,

were the servants violating the Sabbath? If they found this in the affirmative, then they were liable to arrest, and it would remain for them to say whether the arrest had been made in a proper manner. The Court here read our statute of arrests, (comparing it with those of other countries,) showing that under our law an officer before breaking doors must demand entrance, and if the arrest is made in a case where it is lawful without a warrant. he should substantially state that fact before breaking. That though Coe might have been in the discharge of his duty, if he failed to perform it in compliance with the statute, he was a trespasser.

The jury returned a verdict in favor of the plaintiff for fifty cents damages—stating that while the defendant had cause to make the arrest, he had done it informally.

Mr. Montgomery for plaintiff.

Mr. Bates and Mr. Harris for defendant.